# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOHNNY RAY DAVIS, | ) |
| Petitioner, | ) |
| vs. | ) Case No. 14-CV-260-GKF-FHM |
| TRACY McCOLLUM, Warden, | ) |
| Respondent. | ) |

## OPINION AND ORDER

This is a 28 U.S.C. § 2254 habeas corpus action. Petitioner, a state inmate appearing pro se, raises three (3) grounds for relief in his petition (Dkt. # 1). In response to the petition, Respondent filed a motion to dismiss petition for habeas corpus as time barred by the statute of limitations (Dkt. # 9). Petitioner filed a response to the motion (Dkt. # 13). For the reasons discussed below, the Court finds that, as to Grounds 2 and 3, the petition was not timely filed. Therefore, Respondent's motion to dismiss shall be granted as to those grounds for relief and they shall be dismissed with prejudice. Assuming without finding that Ground 1 is not time barred, Ground 1 lacks merit and is denied on that basis.

## *BACKGROUND*

In resolving Petitioner's direct appeal, the Oklahoma Court of Criminal Appeals (OCCA) provided the following summary of facts giving rise to Petitioner's convictions, entered in Tulsa County District Court, Case No. CF-1991-5267:

> Around 4:00 a.m. on November 30, 1991, Jerry Perrine, a newspaper carrier, discovered the body of Michael Fifer inside a Circle K convenience store in Tulsa, Oklahoma. Fifer was the convenience store night clerk. Perrine called "911," and police and medical personnel arrived on the scene. The examining forensic pathologist determined Fifer died from two gunshot wounds to the neck and back. The police discovered the cash register drawer had been taken, and $80.00, some batteries and condoms were missing.

> During the police investigation of the crime, witnesses, including Davis' co-defendant Eric Johnson, implicated Davis in the Circle K killing. After learning he had been implicated, Davis made a statement to the police. In his statement, Davis contended he and Eric Johnson went to the Circle K convenience store with intent to rob the store by means of a .38 caliber revolver. According to Davis, Johnson went in the store alone, robbed the clerk and then shot him. In contrast, Eric Johnson told the police that it was Davis who went in the store and shot the clerk and that he – Johnson – had remained in the car.
>
> Davis and Johnson were tried separately. Johnson, who was tried first, took the stand in his own behalf at his trial. Johnson testified he stayed in the car while Davis entered the Circle K, robbed and killed Fifer. Johnson was convicted of First Degree Murder with Malice Aforethought and Robbery.
>
> At Davis' trial, the State called Johnson to testify. After answering several questions, Johnson refused to answer the prosecutor's questions concerning Davis' participation in the robbery and murder of Fifer. The trial court held him in contempt of court and declared Johnson a hostile witness. The State then sought to question Johnson about his prior testimony given at Johnson's own trial for murder and robbery. Again, Johnson refused to answer the prosecutor's questions. The State then read the transcript of Johnson's previous testimony into evidence.

(Dkt. # 10-1 at 1-2 (footnote omitted)).

At the conclusion of trial, a jury convicted Petitioner, who was sixteen (16) years old at the time of the offenses, of First Degree Murder and Robbery With a Firearm. On October 19, 1992, in accordance with the jury's recommendation, the trial judge sentenced Petitioner to life imprisonment without the possibility of parole for First Degree Murder and fifty (50) years imprisonment for Robbery. See id. at 1. At trial, Petitioner was represented by attorney Jim Heslet. Id. at 5.

Petitioner perfected a direct appeal at the Oklahoma Court of Criminal Appeals (OCCA). On appeal, Petitioner was represented by attorney Cindy Hodges Cunningham. Id. In an unpublished opinion, filed February 23, 1995, in Case No. F-93-360, the OCCA affirmed the judgments and sentences of the trial court. Id. Nothing in the record suggests that Petitioner filed a petition for writ of certiorari at the United States Supreme Court.

2

On June 7, 2013, or more than eighteen (18) years after conclusion of his direct appeal, Petitioner, appearing pro se, filed an application for post-conviction relief. (Dkt. # 10-2 at 12). On June 21, 2013, represented by attorney Steven M. Presson, Petitioner filed a second application for post-conviction relief. (Id. at 1). By order filed October 31, 2013 (Dkt. # 10-3), the state district court denied both applications. Appearing pro se, Petitioner appealed. (Dkt. # 10-4). On April 29, 2014, in Case No. PC-2013-1109, the OCCA affirmed the district court's denial of post-conviction relief. (Dkt. # 10-5).

On May 16, 2014, Petitioner filed his federal petition for writ of habeas corpus (Dkt. # 1). Petitioner raises three (3) grounds of error, as follows:

> Ground 1: Petitioner's life without parole was unconstitutional and violated Petitioner's Eighth and Fourteenth Amendment to the United States Constitution ban on cruel and unusual punishment.
>
> Ground 2: Petitioner received constitutionally ineffective assistance of counsel and appellate counsel contrary to the Sixth and 14th Amendments of the United States Constitution.
>
> Ground 3: As a juvenile offender, Petitioner's sentence of life without parole is excessive and offends the Eighth and 14th Amendment to the Constitution of the United states.

Id. The Court notes that in his reply, Petitioner addresses a fourth ground of error. See Dkt. # 13 at 7. However, that ground of error was not raised in the petition and is not properly before the Court. See Thompkins v. McKune, 433 F. App'x 652, 659–60 (10th Cir. 2011) (unpublished)[1] (citing Tyler v. Mitchell, 416 F.3d 500, 504 (6th Cir. 2005); Jackson v. Duckworth, 112 F.3d 878, 880 (7th Cir.1997)). In response to the petition, Respondent asserts that Grounds 2 and 3 are time

---

[1] This unpublished opinion is not precedential but is cited for its persuasive value. See Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

barred, and that Petitioner's Ground 1 claim, that he was sentenced in violation of Miller v. Alabama, 132 S. Ct. 2455 (2012), is barred by the statute of limitations and also fails on the merits. See Dkt. # 9.

*ANALYSIS*

**A. Grounds 2 and 3 shall be dismissed with prejudice as time barred**

The Antiterrorism and Effective Death Penalty Act (AEDPA), enacted April 24, 1996, established a one-year limitations period for habeas corpus petitions as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). In United States v. Simmonds, 111 F.3d 737, 744-46 (10th Cir. 1997), *overruled on other grounds*, United States v. Hurst, 322 F.3d 1256 (10th Cir. 2003), the Tenth Circuit Court of Appeals held that for prisoners whose convictions became final before April 24, 1996, the one-year statute of limitations did not begin to run until April 24, 1996. In other words, prisoners whose convictions became final before April 24, 1996, the date of enactment of the

AEDPA, were afforded a one-year grace period within which to file for federal habeas corpus relief. The Tenth Circuit also ruled that the tolling provision of 28 U.S.C. § 2244(d)(2) applied in § 2254 cases to toll the one-year grace period afforded by Simmonds. Hoggro v. Boone, 150 F.3d 1223 (10th Cir. 1998). Therefore, the one-year grace period would be tolled during time spent pursuing state applications for post-conviction relief properly filed during the grace period.

Based on application of § 2244(d)(1)(A), Grounds 2 and 3 of this habeas petition were not filed within the one-year limitations period. Petitioner's convictions entered in Tulsa County District Court, Case No. CF-1991-5267, became final on May 24, 1995, after the OCCA concluded direct review on February 23, 1995, and the 90 day time period for filing a petition for writ of *certiorari* in the United States Supreme Court had lapsed. See Locke v. Saffle, 237 F.3d 1269, 1273 (10th Cir. 2001). Thus, Petitioner's conviction became final before April 24, 1996, the date of enactment of the AEDPA. As a result, Petitioner had to file a habeas petition within one (1) year of enactment of the AEDPA, or on or before April 24, 1997. Hurst, 322 F.3d at 1261.

Although the running of the limitations period would be tolled or suspended during the pendency of any post-conviction or other collateral proceeding with respect to the pertinent judgment or claim properly filed during the grace period, 28 U.S.C. § 2244(d)(2); Hoggro, 150 F.3d at 1226, the record cited above confirms that Petitioner's post-conviction applications were filed after the grace period expired and do not serve to toll the statute of limitations. See Clark v. Oklahoma, 468 F.3d 711, 714 (10th Cir. 2006) ("Only state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations."); Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001). Therefore, Petitioner is not entitled to tolling under 28 U.S.C. § 2244(d)(2).

5

In response to the motion to dismiss, Petitioner concedes that Grounds 2 and 3 are time barred. See Dkt. # 13 at 1-2. Therefore, the Court concludes that Grounds 2 and 3 of the petition are untimely. Respondent's motion to dismiss shall be granted as to those grounds and they shall be dismissed with prejudice.

**B. Habeas corpus relief on Ground 1 is denied**

In Graham v. Florida, 560 U.S. 48 (2010), the Supreme Court held that the Cruel and Unusual Punishments Clause of the Eighth Amendment categorically prohibits life in prison without possibility of parole for juveniles convicted of nonhomicide crimes. Id. at 74. On June 25, 2012, the Court expanded on this reasoning in Miller v. Alabama, 132 S. Ct. 2455, 2469 (2012) (holding that mandatory life in prison without the possibility of parole for juveniles convicted of homicide crimes also violates the Eighth Amendment).

In this case, as his first ground of error, Petitioner contends that his sentence of life imprisonment without the possibility of parole is contrary to Miller, 132 S.Ct. at 2469. However, even if the holding of Miller is retroactively applicable to cases on collateral review,[2] Petitioner's claim fails because the holding of Miller does not extend to Petitioner's case. Therefore, assuming without finding that Ground 1 is not time barred,[3] the claim lacks merit and is denied.

---

[2] On December 12, 2014, the United States Supreme Court granted a petition for writ of certiorari to consider the following questions: "1) Does the rule announced in Miller v. Alabama, 567 U.S. ---, 132 S. Ct. 2455, 183 L. Ed. 2d 407 (2012), apply retroactively to this case? 2) Is a federal question raised by a claim that a state collateral review court erroneously failed to find a *Teague* exception?" Toca v. Louisiana, 135 S. Ct. 781 (2014).

[3] If the holding of Miller is retroactively applicable to cases on collateral review, Teague v. Lane, 489 U.S. 288, 311 (1989), then Petitioner's Ground 1 claim is timely under 28 U.S.C. § 2244(d)(1)(C) because, after crediting Petitioner with the time his application for post-conviction relief was pending in the state courts, his petition was filed within one year of June 25, 2012, when

6

Miller does not apply to this case because Petitioner "was not sentenced to life without the possibility of parole pursuant to a mandatory sentencing scheme." See Bell v. Uribe, 748 F.3d 857, 869 (9th Cir. 2014). In Miller, the Supreme Court acknowledged that 15 jurisdictions, including Oklahoma, make a sentence of life without parole discretionary. Miller, 132 S. Ct. at 2471-72 n.10. At the time of Petitioner's offense, Oklahoma's homicide statute provided that "[a] person who is convicted of . . . murder in the first degree shall be punished by death, by imprisonment for life without parole or by imprisonment for life." (Okla. Stat. tit. 21, § 701.9(A) (1991)). Thus, the statute did not mandate imposition of a sentence of life without parole, and, where the State did not seek the death penalty, gave the jury the additional option of imposing a sentence of life with the possibility of parole. Here, Petitioner's jury knew Petitioner was a juvenile, see Dkt. # 10-6 (transcript pages from Petitioner's trial), and had the option of recommending a sentence of life with the possibility of parole. Thus, even though Petitioner was a juvenile at the time of the murder, Oklahoma's sentencing scheme did not violate the Eighth Amendment's prohibition on cruel and unusual punishment because imposition of life without the possibility of parole was not mandatory. See Bell, 748 F.3d at 869. Petitioner is not entitled to habeas corpus relief on Ground 1.

---

the Supreme Court decided Miller.

*CONCLUSION*

The Court concludes that Grounds 2 and 3 of the petition are untimely. Respondent's motion to dismiss petition for habeas corpus as time barred by the statute of limitations shall be granted as to those grounds for relief. Habeas corpus relief on Ground 1 is denied.

**Certificate of Appealability**

Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. Slack v. McDaniel, 529 U.S. 473 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)). In addition, when the Court's ruling is based on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484.

In this case, the Court concludes that a certificate of appealability should not issue. Nothing suggests that the Court's procedural rulings resulting in the dismissal of Grounds 2 and 3 based on the statute of limitations, and the denial of habeas corpus relief on Ground 1, are debatable or incorrect. The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently. A certificate of appealability shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Respondent's motion to dismiss petition for writ of habeas corpus as time barred by the statute of limitations (Dkt. # 9) is **granted in part** and **denied in part**, as follows:

    a. The motion to dismiss is **granted** as to Grounds 2 and 3 of the petition and those claims are **dismissed with prejudice**.

    b. The motion to dismiss is **denied** as to Ground 1.

2. The petition for writ of habeas corpus (Dkt. # 1) is **denied** as to Ground 1.

3. This is a final order terminating this action.

4. A separate Judgment shall be entered in this case.

5. A certificate of appealability is **denied**.

**DATED** this 11th day of February, 2015.

_____
GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT